**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

OWIN VALLE MARTINEZ,
 Plaintiff,

v.

ATLANTIC COLLEGE,
 Defendant.

Civ. No. 05-1833 (HL)

**OPINION AND ORDER**

Plaintiff Owin Valle Martinez ("Valle") brings this action against Defendant Atlantic College alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Valle also seeks to invoke this Court's supplemental jurisdiction for Commonwealth law claim pursuant to Puerto Rico's Law 100, Law 44 and Law 80. *See* 28 U.S.C. § 1367. Before the Court is Defendant Atlantic College's unopposed Motion for Summary Judgment (Docket No. 13). For the reasons set forth below, Atlantic College's Motion for Summary Judgment is hereby denied.

**STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it

"might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* See also *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

If the nonmoving party fails to file a timely opposition to the motion for summary judgment, the district court is entitled to consider the motion as unopposed and take the moving parties' statement of uncontested facts as true. *De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 116 (1st Cir. 2004); *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41-42 (1st Cir. 2004); *see also Euromodas, Inc. v. Zanella, Ltd.*, 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not automatically entitle the moving party to summary judgment. *De La Vega,* 377 F.3d at 115. "The district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Id.* (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). Even if the

motion for summary judgment is unopposed, the moving party must meet its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *De La Vega*, 377 F.3d at 115-16.

## DISCUSSION

On October 5, 2006, Defendant Atlantic College filed the present motion for summary judgment. Pursuant to Local Rule 7.1 a response in opposition was due on or before October 20, 2006. D.P.R. L.Civ.R 7.1 On October 16, 2006, Plaintiff Valle for an extension of time until November 10, 2006 to file his opposition to Atlantic's motion for summary judgment. The Court granted Valle's motion for an extension, ordering the Plaintiff to file his opposition no later than November 10, 2006. This deadline came and passed and Valle did not submit an opposition or petition the Court for an additional extension of time to file an opposition. Accordingly, this Court considers Atlantic College's Motion for Summary Judgment unopposed.

While unopposed, this Court finds that Defendant Atlantic College has not met its burden to demonstrate it is entitled to summary judgment as a matter of law. When Atlantic College filed its Motion for Summary Judgment and Statement of Uncontested Facts, exhibits one through ten of the Statement of Uncontested Facts were filed in the Spanish language. Atlantic College moved for leave to file the exhibits in the Spanish language and requested an extension of time until November 6, 2006 to file the certified translations (Docket No. 14). On November 6, 2006, the Defendant moved for an additional extension of time until November 27, 2006 to filed its certified translations (Docket No. 18). On the same day, the Court granted Atlantic Colle\ge's motion for an extension of time to file its certified translations. To date, Defendant has failed to provide the Court with the certified translations of exhibits one through ten of its Statement of Uncontested Facts.

While ruling on the Defendants' Motion for Summary Judgment, the Court will not

Civil No. 05-1833 (HL)                                    4

consider the exhibits filed in the Spanish language, as local rules require all documents not in the English language be accompanied by a certified translation.  *See* Local Rules 10(b); *Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 24 (1st Cir. 2006) ("In the past, we have refused to consider materials submitted to the court in any language other than English, and we continue to do so."); 48 U.S.C. § 864 (noting "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language"). Atlantic College has failed to comply with this requirement in all of its exhibits.  Consequently, Defendant's entire statement of facts is therefore unsupported and those respective facts shall not be admitted.  Accordingly, Atlantic College has failed to demonstrate it is entitled to summary judgment as a matter of law, since it has presented no evidence supporting its Motion for Summary Judgment.

## CONCLUSION

**WHEREFORE**, Defendant's Motion for Summary Judgment is denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 5, 2006

                                                HECTOR M. LAFFITTE
                                                Senior United States District Judge